

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | ROBYN N. PULLIO<br>*Assistant Corporation Counsel*<br>Special Federal Litigation Division<br>Tel: (212) 788-1090<br>Fax: (212) 788-9776<br>Email: rpullio@law.nyc.gov |

December 18, 2007



BY HAND
Honorable Naomi R. Buchwald
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 2270
New York, N.Y. 10007

    Re: <u>Kennedy v. The City of New York, et al.</u> 07 CV 10622 (NRB)

Dear Judge Buchwald:

    I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, assigned to the above-referenced case on behalf of defendant the City of New York. I am writing with the consent of plaintiff's counsel, George Wachtel, Esq., to respectfully request that the City be granted a sixty (60) day enlargement of time from December 17, 2007, to February 15, 2008, to answer or otherwise respond to the complaint. I apologize for the lateness of this request, but I was very recently assigned to this matter. This is the City's first request for an enlargement of time in this action.

    The complaint alleges, *inter alia*, that plaintiff Timothy Kennedy was subjected to false arrest; excessive force; deliberate indifference to medical need; and assault and battery. In addition to the City of New York, the complaint also purports to name Police Officer Juan Rodriguez as a defendant. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

    Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been served.[1] If service has been effectuated, then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. The individually named defendant must then decide

---

[1] Although this office does not currently represent Officer Rodriguez, this office also respectfully requests this extension on his behalf in order to prevent his defenses from being jeopardized while representational issues are being resolved. To date, it appears that Officer Rodriguez was served on December 6, 2007, making his answer is due on December 26, 2007. We, therefore, also respectfully request that Officer Rodriguez be granted until February 15, 2008, to answer the complaint.

1

whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. The City of New York et al., 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer the complaint until February 15, 2008.

Thank you for your consideration in this regard.

                Respectfully submitted,

                Robyn N. Pullio (RP 7777)
                Assistant Corporation Counsel
                Special Federal Litigation Division

cc:    BY FAX
       George David Wachtel
       Kuby & Perez, LLP
       119 West 23rd Street, Suite 900
       New York, N.Y. 10011
       Fax: (212) 529-0644