UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TIMOTHY KENNEDY

                                       Plaintiff,

-against-

THE CITY OF NEW YORK; N.Y.P.D. OFFICER JUAN
RODRIGUEZ badge #10703; N.Y.P.D. OFFICERS DOE
ONE TO FIVE, not yet identified,

                                     Defendants.

**ANSWER TO COMPLAINT**

JURY TRIAL DEMANDED

07 CV 10622 (NRB)

------------------------------------------------------------------------ x

        Defendants the City of New York and Police Officer Juan Rodriguez by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        Defendants deny the allegations contained in the paragraph under the heading **"NATURE OF THE CASE"**.

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to invoke the court's jurisdiction as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the court's jurisdiction as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports that venue is proper as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint except admit that the New York City Office of the Comptroller received what purports to be a notice of claim on or about August 1, 2007, and deny knowledge or information regarding whether a notice of a hearing pursuant to General Municipal Law § 50-e was served.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City Of New York is a municipal corporation organized and operating under the laws of the State of New York, that it maintains a police department, and that Juan Rodriguez was employed by the N.Y.P.D. as a police officer in May, 2007.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that defendant Police Officer Juan Rodriguez was employed by the N.Y.P.D. as a police officer in May, 2007.

8. The allegations set forth in paragraph "8" of the complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint..

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's occupation, reputation or regular manner of dress.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that there was a verbal exchange.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that there was a verbal exchange, and plaintiff was handcuffed and taken to a patrol vehicle.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was placed in the back seat of a patrol vehicle.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint regarding plaintiff's subjective state.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that officers drove the plaintiff to Roosevelt Hospital. Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the contents of hospital records.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the complaint regarding the number of times plaintiff has sought medical treatment subsequent to the incident.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the value of plaintiff's jewelry and clothing.

25. Admit the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

39. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

40. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

41.  Any injury alleged to be sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

42.  At all times relevant to the acts alleged in the complaint, defendants City and their agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

43.  There was probable cause for plaintiffs arrest and/or detention and/or seizure.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

44.  Punitive damages cannot be recovered from the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

45.  To the extent the plaintiffs allege any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

46.  Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

47.  Plaintiff has not complied with the conditions precedent to suit.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

48.     The individual defendant, Police Office Juan Rodriguez, has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**WHEREFORE**, defendants the City of New York and Police Officer Juan Rodriguez request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and for such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            February 15, 2008

                                                MICHAEL A. CARDOZO
            Corporation Counsel of the
            City of New York
            Attorney for Defendants the City of New York and
                Police Officer Juan Rodriguez
            100 Church Street, Room 3-188
            New York, New York 10007
            (212) 788-1090

            By:      _____
                     Robyn N. Pullio (RP 7777)
                     Assistant Corporation Counsel

To:     BY FAX
        George Wachtel
        Law Office of Ronald L. Kuby
        Attorney for Plaintiffs
        119 W. 23rd St., Suite 900
        New York, N.Y. 10011
        Fax: (212) 529-0644

Docket No. 07 CV 10622 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY KENNEDY

                                       Plaintiff,

-against-

THE CITY OF NEW YORK; N.Y.P.D. OFFICER JUAN RODRIGUEZ badge #10703; N.Y.P.D. OFFICERS DOE ONE TO FIVE, not yet identified,

                                      Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF THE CITY OF NEW YORK AND POLICE OFFICER ROGER COLEMAN**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Robyn N. Pullio*
*Tel: (212) 788-1090*

*Due and timely service is hereby admitted.*

*New York, N.Y. ...........................................,2006*

*............................................................ Esq.*

*Attorney for .......................................................*